[Cite as *Estate of Armatas v. Cleveland Clinic Found.*, 2020-Ohio-3338.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| THE ESTATE OF: | : | Hon. W. Scott Gwin, P.J. |
| ALEXANDER ARMATAS, | : | Hon. Craig R. Baldwin, J. |
| STEVEN ARMATAS, EXECUTOR | : | Hon. Earle E. Wise, J. |
|  | : |  |
| Plaintiff-Appellant | : |  |
|  | : | Case No. 2019CA00186 |
| -vs- | : |  |
|  | : |  |
| CLEVELAND CLINIC FOUNDATION | : | OPINION |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Case No. 2018CV02163

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 15, 2020

APPEARANCES:

For Plaintiff-Appellant

STEVEN ARMATAS
7690 Bucknell Circle
North Canton, OH 44720

For Defendant-Appellee

GREGORY ROSSI
Hanna, Campbell, & Powell, LLP
3737 Embassy Parkway, Ste. 100
Akron, OH 44333

*Gwin, P.J.*

{¶1} Appellant, the Estate of Alexander Armatas, appeals the November 21, 2019 judgment entry of the Stark County Court of Common Pleas granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2} On October 11, 2014, Alexander Armatas suffered a cardiac episode and was taken by ambulance to Aultman Hospital. Alexander was admitted to Aultman Hospital, where he was in a coma and on a respirator. Alexander's son Steven Armatas sought to get a second opinion after doctors at Aultman told him his father was unlikely to recover and should be taken off the respirator.

{¶3} On December 2, 2014, Steven Armatas contacted MyConsult to obtain a second opinion about his father's diagnosis and prognosis. MyConsult is an online medical second opinion service offered by appellee the Cleveland Clinic Foundation. Steven Armatas signed the relevant forms on his father's behalf as "Alexander E. Armatas by: Steven A. Armatas, Agent via Power of Attorney." These forms included a MyConsult Online Medical Second Opinion Consultation Proxy Form signed on December 9, 2014, and a MyConsult Online Medical Second Opinion Consultation Patient Consent Form signed on December 8, 2014. Steven Armatas also provided appellee with a copy of a signed power of attorney form he had for his father.

{¶4} Steven Armatas, as agent for his father, contacted Health Advocate, a separate and independent company, to assist in obtaining his father's medical records and provide them to MyConsult so that MyConsult could provide a second opinion.

{¶5} On December 31, 2014, Alexander Armatas, who had never been taken off of the respirator, passed away. Shortly thereafter, Steven Armatas received a response from Health Advocate indicating that the medical records had been sent to MyConsult. On February 26, 2015, MyConsult informed Steven Armatas that, as a result of his father's death, it would not render a second opinion, and was closing the file. Steven Armatas sent a letter advising MyConsult that they were still contractually obligated to provide the second medical opinion. Counsel for appellee contacted Steven Armatas and informed him the Cleveland Clinic would not issue a second medical opinion. Steven Armatas was never billed by appellee and the money he paid to Health Advocate was refunded to him.

{¶6} In 2015, Steven Armatas filed a complaint in Canton Municipal Court against the Cleveland Clinic. He asserted the following claims: breach of contract, breach of fiduciary duty, negligent misrepresentation and failure to disclose material facts, intentional infliction of emotional distress, negligent infliction of severe emotional distress, negligence, and joint and several liability. The Canton Municipal Court disposed of the case on summary judgment, based on the fact that Steven Armatas lacked standing to bring the claims on an individual basis, as the foundation of all of the claims was the contract between Steven Armatas, as power of attorney for his father Alexander Armatas, and the Cleveland Clinic Foundation. Steven Armatas appealed the decision to this Court. In *Armatas v. Cleveland Clinic Foundation*, 5th Dist. Stark No. 2016CA00123, 2016-Ohio-7315, this Court overruled Steven Armatas' assignments of error and affirmed the decision of the trial court. We found as follows, "[w]e concur with the trial court that any causes of action against appellee Cleveland Clinic Foundation must be brought by the executor or administrator of the estate of appellant's father, who is deceased,"

because "none of the forms were signed by Steven Armatas in his individual capacity and all of his dealings with the Cleveland Clinic were as power of attorney for his father."

{¶7} On November 6, 2018, Steven A. Armatas, individually and as executor of the Estate of Alexander Armatas, filed a complaint against appellee in the Stark County Court of Common Pleas. The following counts were included in the complaint: breach of contract, fraud, and negligent misrepresentation.

{¶8} Appellee filed an answer on December 11, 2018. On March 8, 2019, appellee filed a motion for summary judgment on Armatas' individual claims. Appellee filed a motion for summary judgment as to the estate claims on May 9, 2019. The trial court issued a briefing schedule, establishing a response deadline of May 27, 2019, a reply deadline of June 6, 2019, and a non-oral hearing date of June 7, 2019.

{¶9} The trial court issued a judgment entry on June 21, 2019, granting appellee's motion for summary judgment on Steven Armatas' individual claims, finding Steven Armatas does not have standing to bring the claims of breach of contract and negligent misrepresentation in his individual capacity and finding his claims are barred by the doctrine of res judicata. Thus, the claims remaining were the claims filed on the behalf of the Estate of Alexander Armatas, which were claims for breach of contract, fraud, and negligent misrepresentation.

{¶10} The trial court held an in-person status conference on June 25, 2019. In a judgment entry issued on June 28, 2019, the trial court extended the dispositive motion deadline to August 9, 2019.

{¶11} Appellee filed a supplement to their motion for summary judgment on August 5, 2019. Attached to the supplement is the affidavit of Karen Jensen ("Jensen"),

Manager of Clinical Operations for the Cleveland Clinic MyConsult program at the time of the incident at issue. Jensen stated that, attached as Exhibit 1, is a true and accurate copy of the State of Ohio Statutory Form Power of Attorney provided to MyConsult by Steven Armatas on behalf of Alexander Armatas and that, attached as Exhibit 2, is the Patient Consent Form provided to the MyConsult program by Steven Armatas, agent via power of attorney for Alexander Armatas. Jensen avers the MyConsult Medical Opinion was initiated for Alexander Armatas solely based on the representation that Steven Armatas was acting as power of attorney for Alexander Armatas, as demonstrated by the Patient Consent Form and Statutory Form Power of Attorney. Finally, Jensen states that if Exhibit 1 was not provided to MyConsult, a second opinion would not be issued by MyConsult.

{¶12} Exhibit 1 is entitled "State of Ohio Statutory Form Power of Attorney," dated December 15, 2011, in which Alexander Armatas designates Steven Armatas as his agent. The document is notarized on the last page, stating as follows: "This document was acknowledged before me on December 15, 2011 by Alexander Armatas," and is signed by "notary Steven Armatas, Notary Public, State of Ohio."

{¶13} Exhibit 2 is the "MyConsult Online Medical Second Opinion Consultation Patient Consent Form." On the consent form, the patient is listed as Alexander Armatas. The signature of the patient reads as follows: "Alexander E. Armatas, by Steven A. Armatas, Agent, via Power of Attorney."

{¶14} Appellant filed a motion for summary judgment as to its claim for breach of contract on August 6, 2019. Appellant argued the power of attorney was valid. Appellant

attached to its motion the affidavit of Steven Armatas, along with numerous exhibits, including the deposition of Jensen.

{¶15} On August 12, 2019, the magistrate issued a briefing schedule setting the response and reply dates, and also setting a non-oral hearing on the summary judgment motion on September 4, 2019. Each of the parties filed extensive responses and replies to the competing motions for summary judgment.

{¶16} The trial court issued a judgment entry on November 21, 2019, granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. The trial court was persuaded by the caselaw cited by appellee in support of the proposition that a notary may not notarize a document in which the notary has a financial interest. The trial court found that Steven Armatas notarized the signature of his father on a document granting Steven Armatas power of attorney over his father. Further, that the power of attorney granted Steven Armatas, as agent, the authority to act for him with respect to: real property and real estate leases or transfers; tangible personal property, including motor vehicles; stocks, bonds, and other investments; banks, credit unions, and other financial institutions; insurance matters; estates, trusts, gifts, annuities, and other beneficial interests; household, personal and family maintenance; and pension, IRA, 401(K), and other retirement plans. The power of attorney also nominated Steven Armatas as guardian of the person or estate of Alexander Armatas, should the need arise. The trial court determined Steven Armatas notarized his father's signature on a document that granted Armatas authority over significant personal and financial matters.

{¶17} The trial court stated appellant has asserted claims against appellee that have no basis in law if the underlying power of attorney is not valid. The court found that

Steven Armatas, in notarizing his father's signature on a document in which Steven Armatas was a party and from which he could potentially gain financial benefit, was not a valid notarial act, and, without a properly notarized signature, there is no power of attorney upon which appellant can bring its claims against appellee. Thus, there is no genuine issue of material fact regarding appellant's breach of contract claim against appellee.

{¶18} The trial court finally found that the claims of fraud and negligent misrepresentation relate to appellee's conduct with regards to the transaction between Steven Armatas, as power of attorney for Alexander Armatas, and appellee; thus, because the power of attorney was not properly notarized, there is no genuine issue of material fact regarding appellant's claims of fraud and negligent misrepresentation.

{¶19} Appellant appeals the November 21, 2019 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶20} "I. THE TRIAL COURT COMMITTED ERROR IN BASING ITS DISMISSAL OF PLAINTIFF'S CLAIMS ON THE GROUNDS THAT ATTORNEY STEVEN A. ARMATAS, THE INDIVIDUAL, HAD ENGAGED IN AN ACTION THAT 'WAS NOT A VALID NOTARIAL ACT' BECAUSE THE COURT: (I) HAD ALREADY RELINQUISHED PERSONAL JURISDICTION OVER MR. ARMATAS; (II) LACKED APPROPRIATE SUBJECT MATTER JURISDICTION OVER THE ISSUE; (III) RELIED ON A STATUTE THAT HAD NOT YET BEEN ENACTED; (IV) WRONGFULLY CONCLUDED THAT THE APPLICABLE COMMON LAW HAD BEEN CODIFIED; (V) MISCONSTRUED THE PURPOSE AND THEORY OF THE OHIO POWER OF ATTOREY ACT; AND (VI) VIOLATED THE DUE PROCESS RIGHTS OF STEVEN A. ARMATAS, THE INDIVIDUAL."

*Summary Judgment Standard*

**{¶21}** Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶22}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable

substantive law.  *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶23}  When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court.  *Smiddy  v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).  This means we review the matter de novo.  *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶24}  133, 204 N.E.2d 100 (4th Dist. Athens 1964).

I.

{¶25}  Appellant first contends the trial court lacked personal jurisdiction over Steven Armatas, the individual, and lacked subject matter jurisdiction over whether his acts violated the Ohio Notary Public Rules.

{¶26}  Jurisdiction means the court's "statutory or constitutional power to adjudicate the case."  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003 (1998); *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972).

{¶27}  Subject matter jurisdiction is defined as a court's power to hear and decide cases.  *Pratt v. Hurley*, 102 Ohio St.3d 81, 806 N.E.2d 992 (2004); *Doughty v. Doughty*, 5th Dist. Delaware No. 18 CAF 05 0040, 2019-Ohio-974.  Appellant contends that, as of September 20, 2019, all complaints and investigations regarding violations of the Notary Act are vested in the Ohio Secretary of State and the trial court exceeded its jurisdiction by assuming an investigative and decision-making role over Steven Armatas as a notary. We disagree.  Though the Ohio Secretary of State may investigate violations of the Notary Act and file complaints with regard to prohibited acts by a notary, the trial court did not revoke Steven Armatas' status as a notary public and did not take any action against him

personally with regard to his notary status. The trial court specifically stated these were not the issues in this case.

{¶28} Rather, the issue in this case is whether the underlying power of attorney is valid, since it provides the basis for all of appellant's claims against appellee. The trial court had the power to hear and decide whether the power of attorney was valid in this case and thus whether there was a basis for appellant's breach of contract, fraud, and negligent misrepresentation claims against appellee.

{¶29} Appellant further contends the trial court did not have personal jurisdiction over Steven Armatas individually, as the Ohio Secretary of State has exclusive jurisdiction over his notary acts. However, the trial court did not revoke Steven Armatas' status as a notary public and did not take any action against him personally with regard to his notary status. The trial court found that appellant's claims had no basis in law because they were based upon an invalid power of attorney.

{¶30} The court may obtain personal jurisdiction by service of process, voluntary appearance, or waiver. *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984); *DCR Mtge. IV Sub I, L.L.C. v. Hines Invests, L.L.C.*, 5th Dist. Fairfield No. 11-CA-24, 2011-Ohio-5091. "One way for an individual to waive personal jurisdiction is to voluntarily appear and submit to the jurisdiction of the court," including actively litigating the suit. *Id; HSBC Bank USA Nat'l Assn. as Trustee v. Lampron*, 5th Dist. Fairfield No. 10-CA-5, 2010-Ohio-5088.

{¶31} Steven Armatas chose to sue appellee in the Stark County Court of Common Pleas in an individual capacity. Thus, he voluntarily appeared and chose to submit to the jurisdiction of the trial court by filing his complaint and participating in the

proceedings. On June 21, 2019, the trial court granted summary judgment in favor of appellee on Steven Armatas' individual claims. Steven Armatas does not appeal the June 21, 2019 judgment entry. Subsequent to June 21, 2019, the Estate's claims were the only claims remaining. The Estate chose to sue appellee in the common pleas court in Stark County and requested the trial court consider the merits of its underlying action against appellee. The trial court considered the merits of the Estate's claims via appellee's and the Estate's motions for summary judgment. The Estate voluntarily appeared and chose to submit to the jurisdiction of the trial court by actively participating in the case. See *84 Lumber Co., L.P. v. Houser*, 188 Ohio App.3d 581, 2010-Ohio-3683, 936 N.E.2d 131 (11th Dist. Portage).

{¶32} Appellant next argues the trial court improperly relied primarily on a statute enacted eight years after the notarial act in question was effectuated and misconstrued the objectives and purposes of powers of attorney under the laws of the State of Ohio.

{¶33} R.C. 1337.25 provides that a power of attorney, "must be signed by the principal or in the principal's conscious presence by another individual directed by the principal to sign * * * a signature on a power of attorney is presumed to be genuine if the principal acknowledges the signature before a notary public or other individual authorized by law to take acknowledgments."

{¶34} Appellant specifically argues that the trial court improperly and primarily relied upon R.C. 147.141 in its granting of summary judgment to appellee. R.C. 147.141(A)(4) provides, "a notary public shall not do any of the following * * * (4) perform a notarial act if the notary has a conflict of interest with regard to the transaction in question." R.C. 147.141(C) states, "as used in this section, 'conflict of interest' means

either of the following: (1) the notary has a direct financial or other interest in the transaction in question, excluding the fees authorized under this chapter. (2) The notary is named, individually or as a grantor, grantee, mortgagor, mortgagee, trustor, trustee, beneficiary, vendor, lessor, or lessee, or as a party in some other capacity to the transaction." R.C. 147.141 became effective on September 20, 2019.

{¶35} We disagree with appellant. First, in citing R.C. 147.141(A)(4) and (C)(1), (2), the trial court specifically stated, "the effective date of this statute is September 20, 2019, which the Court is aware is after the Power of Attorney at issue was executed. While this statute is not determinative of the issue at hand, it codifies the common law, which was effective at the time of this transaction." Thus, the trial court recognized R.C. 147.141 was not in effect when the power of attorney was executed and did not improperly rely on this statute. Rather, the trial court found R.C. 147.141 codified the common law that was effective at the time the power of attorney in this case was executed.

{¶36} We concur with the trial court that R.C. 147.141 codified the common law that was in effect at the time Alexander Armatas executed the power of attorney. The common law rule prohibits a notary from notarizing a document in which he or she has a financial interest. *Leavitt & Milroy Co. v. Rosenberg Bros. & Co.*, 83 Ohio St. 230, 93 N.E. 904 (1910) (stating a notary to an affidavit "must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding" and noting it is a "commonly accepted rule aside from statutory enactment that interest and bias preclude a notary or commissioner from taking testimony where such interest or bias may affect his official act"); *Disciplinary Counsel v. Pullins*, 127 Ohio St.3d 436, 2010-Ohio-6241, 940 N.E.2d 952 (adopting the board's findings of fact and misconduct when an attorney

admitted he notarized his own signing of his wife's name and he should have had a disinterested third-party do so).

{¶37} The "State of Ohio Statutory Form Power of Attorney" executed by Alexander Armatas on December 15, 2011, designates Steven Armatas as his agent and grants Steven Armatas, as agent, the authority to act for him with respect to multiple subjects, including: real property and real estate leases or transfers; tangible personal property, including motor vehicles; stocks, bonds, and other investments; banks, credit unions, and other financial institutions; insurance matters; estates, trusts, gifts, annuities, and other beneficial interests; household, personal and family maintenance; and pension, IRA, 401(K), and other retirement plans. The power of attorney form is notarized on the last page, stating, "this document was acknowledged before me on December 15, 2011 by Alexander Armatas," and is signed by "notary Steven Armatas, Notary Public, State of Ohio." Accordingly, Steven Armatas' notary on the December 15, 2011 power of attorney is not valid.

{¶38} Because the notary is invalid, the power of attorney in this case is not valid, as its execution does not comply with R.C. 1337.25. See *Calvey v. Stifel, Nicolaus & Co., Incr.*, N.D. Ohio No. 1:19 CV 936, 2020 WL 759655. Since the power of attorney is invalid, it cannot serve as the basis for any contract or communication between appellant and appellee. The Patient Consent Form demonstrates the communication or contract between appellant and appellee was solely through the power of attorney by Steven Armatas on behalf of Alexander Armatas. Thus, there is no genuine issue of material fact regarding appellant's claim for breach of contract against appellee. There is also no genuine issue of material fact as to appellant's fraud and negligent misrepresentation

claims, as they are also based upon the communication between appellant and appellee via the power of attorney that was invalid.  We find the trial court did not commit error in granting summary judgment to appellee on appellant's claims.

{¶39}  Finally, appellant contends the trial court violated his due process rights by not affording him an oral hearing.  With respect to Steven Armatas, individually, the Civil Rules do not require the trial court to schedule a hearing on a motion for summary judgment for a party who has been dismissed from the case.  The trial court dismissed Steven Armatas, individually, from the case on June 21, 2019.  Neither appellant or Steven Armatas appealed the June 21, 2019 judgment entry.

{¶40}  Though appellant spends considerable time in its brief arguing why the trial court could not revoke Steven Armatas' status as a notary public without a hearing, the trial court made no such determination.  The trial court did not revoke Steven Armatas' status as a notary public.  Rather, the trial court found that there is no power of attorney upon which appellant can bring its claims against appellee.

{¶41}  As to the claims of appellant, the November 21, 2019 judgment entry granted summary judgment to appellee on appellant's claims and denied appellant's motion for summary judgment, finding there is no basis in law for appellant's claims against appellee because the underlying power of attorney is not valid.  The trial court set the motions for summary judgment for non-oral hearings, in compliance with Civil Rule 56 and Stark County Local Rule 10.01.  See *Wilmington Savings Fund v. Lautzenheiser*, 5th Dist. Stark No. 2018CA00131, 2019-Ohio-2389.

{¶42}  Accordingly, we find the trial court did not violate either Steven Armatas' due process rights or appellant's due process rights in granting appellee's motion for

summary judgment on appellant's claims and in denying appellant's motion for summary judgment on its claims.

{¶43} Based on the foregoing, appellant's assignment of error is overruled.

{¶44} The November 21, 2019 judgment entry of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Baldwin, J., and

Wise, Earle E., J., concur